AO 106A  (08/18)  Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.   1:23-mc-01024 |
| Red, cellular phone, Apple iPhone in black case and Red, cellular phone, Apple iPhone in clear case. | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A"

located in the _____ **Middle** _____ District of _____ **Pennsylvania** _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B"

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☐ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841 | Possession of controlled substance with intent to deliver |
| 21 U.S.C. § 942(c) | Possession of firearm in furtherance of drug trafficking crime |
| 21 U.S.C. § 922(g) | Possession of a firearm by a prohibited person |

The application is based on these facts:

I, Brittany A. Brenner, being duly sworn ... (See continuation pages 1-10 of the search warrant)

- ☐ Continued on the attached sheet.
- ☐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____ /ATF TFJ
*Applicant's signature*

Brittany Brenner, ATF Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
*(specify reliable electronic means)*.

Date: _____ 12/19/2023 _____

_____
*Judge's signature*

City and state: Harrisburg, Pennsylvania

Susan E. Schwab, United States Magistrate Judge
*Printed name and title*

## CONTINUATION OF SEARCH WARRANT

…hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I am a Pennsylvania State Trooper and have been since November 2007. I am currently assigned as a full-time Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been since January, 2021. I am a graduate of Kutztown University in Kutztown, PA with a Bachelor of Science degree in Criminal Justice. I also attended Carlow University in Pittsburgh, PA and obtained a Graduate Certificate in Cyber Threat Analytics. I am currently assigned to the ATF Philadelphia Field Division, Harrisburg Field Office, which is comprised of ATF Special Agents whose primary responsibilities include investigating individuals or groups who have committed violations of the federal firearms and narcotics laws.

2.      After graduating from the Pennsylvania State Police (PSP) Academy, I was assigned to the patrol unit at Troop J, Embreeville in Chester County. In 2010, I transferred to patrol at Troop J, Ephrata in Lancaster County. From 2011 to 2012, I was assigned to the Criminal Investigation unit at Troop J, Embreeville in Chester County. In 2012, I

transferred to the Criminal Investigation unit at Troop J, Lancaster in Lancaster County. In June 2014, I transferred to the Bureau of Criminal Investigation (BCI), Organized Crime Unit Eastern Task Force. Within BCI, my responsibilities included conducting investigations of corrupt organizations relating to illegal narcotics, public corruption, gambling, and organized crime activities throughout the Commonwealth of Pennsylvania, and, in particular, central Pennsylvania. In my capacity as a Pennsylvania State Trooper, I have investigated numerous violations of the Pennsylvania Crimes Code. These crimes include homicide, robbery, burglary, tampering with evidence, theft, narcotic violations, forgery, sexual assaults, child abuse and corrupt organizations. I have prepared and sworn to or filed numerous criminal complaints for violations of the Pennsylvania Crimes Code. I have also sworn to and executed search warrants in Pennsylvania. In addition, I have obtained telephone and financial records for various criminal investigations. In these investigations, I have utilized numerous investigative techniques including but not limited too; interviewing victims, witnesses and suspects/defendants, execution of search warrants, use of informants, undercover operations, physical

surveillance, analyzing information obtained from court-ordered pen registers and trap and trace intercepts, and analyzing telephone toll information, grand jury proceedings and the use of consensual interceptions of communications within the parameters of the Pennsylvania Wiretapping and Electronic Surveillance Control Act. I am an "investigative or law enforcement officer" within the meaning of Section 5702 of the Pennsylvania Wiretapping and Electronic Surveillance Control Act, and in such capacity, I have successfully completed a course which is required for Class "A" certification pursuant to 18 Pa.C.S. Section 5724. My Class "A" certification number is A-4660.

3.     The information set forth below is either known to me personally or was related to me by other law enforcement personnel. This affidavit is submitted in support of a search warrant for the stored electronic information and communications on the cellular telephones described in Attachment A (e.g., a red iPhone in a black case and a red iPhone in a clear case).

4.     For the reasons stated below, there is probable cause to believe that evidence relating to violations of federal law will be found in the stored electronic information and communications in these cellular

telephones. These violations include possession with intent to distribute a controlled substance, possession of firearms in furtherance of drug trafficking, and possessing a firearm by a prohibited person. The information and communications which could be stored on these phones include but is not limited to: telephone or address directory entries consisting of names, addresses and telephone numbers; logs of telephone numbers dialed; telephone numbers of missed calls; telephone numbers of incoming calls; schedule entries; stored memoranda; stored voice mail messages; stored photographs; and chats, messages, and e-mails transmitted back and forth. The violations, described in paragraphs 5 through 10, relate to 21 U.S.C. § 841 (possession of a controlled substance with the intent to deliver), 21 U.S.C. § 924(c) (possessing a firearm in Furtherance of Drug Trafficking Crime), and 21 U.S.C. § 922(g) (possessing a firearm by prohibited person), Leon WEATHERBE (B/M, DOB: 06/24/1986, SSN: 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, FBI: 899981HC2, last residing at 1479 N. Wilton Street, Philadelphia, PA 19131).

## JURISDICTION

5.      "At the request of a federal law enforcement officer or an attorney for the government . . . a magistrate judge with authority in the

district . . . has authority to issue a warrant to search for and seize a person or property located within the district." Fed. R. Crim. P. 41(b)(1).

## INVESTIGATION

6.     On April 12, 2022, Trooper Erik Cummings and Trooper Larry Reedy - Pennsylvania State Police, Troop H – Harrisburg Patrol Unit were in full uniform and operating an un-marked patrol unit around South 19th Street just north of Derry Street, Harrisburg City, Dauphin County, Middle District of PA. Trooper Cummings was following a white GMC Sierra Truck bearing PA registration ZRW1624. Trooper Cummings checked the registration through CLEAN/NCIC, which came back expired as of March 2022. A traffic stop was initiated on the on ramp for I-83 N from S. 19th Street.

7.     Troopers Cummins and Reedy approached the vehicle, identified themselves and provided the reason for the stop. The operator provided his driver's license and was identified as Leon WEATHERBE. Trooper Cummings smelled a strong odor of marijuana emanating from the vehicle and WEATHERBE admitted to smoking marijuana the night before. WEATHERBE advised he did not have a medical marijuana card. Trooper Cummings went back to his patrol vehicle to check

WEATHERBE's information through CLEAN/NCIC. WEATHERBE's criminal history showed he was a felon not able to possess a firearm.

8.     Trooper Cummings asked WEATHERBE to exit the vehicle and WEATHERBE agreed to a "pat down" search. During the "pat down" search Trooper Cummings felt a large "wad" of cash, WEATHERBE stated it was $1600.00. Trooper Cummings asked WEATHERBE for consent to search his vehicle. WEATHERBE stated he had a small amount of marijuana in the center console of his truck and consented to the vehicle search.

9.     As Trooper Cummings began to search the vehicle WEATHERBE fled on foot from Trooper Reedy. WEATHERBE fled up the ramp and ran north on South 19th Street. WEATHERBE was not apprehended after fleeing the stop.

10.    After WEATHERBE fled, Trooper Cummings resumed his search of the vehicle.

11.    Trooper Cummings' search of the vehicle yielded a loaded Smith and Wesson .380 Bodyguard Semiautomatic pistol from under the driver seat, approximately 15 grams of suspected crystal methamphetamines, approximately 30 grams of white powder suspected

to be cocaine, five (5) bundles of suspected heroin were found in a black bag behind the driver seat in a false bottom container. Approximately two pounds of suspected marijuana were found in a pink Nike gym bag on the rear passenger side seat. A small bag of suspected marijuana was found in the center console. A red iPhone in black case and red iPhone in clear case and a flip phone were also seized from under the center console under the radio. The controlled substances and firearm were photographed:



12.    While Trooper Cummings was with WEATHERBE's truck a female pulled up and exited her vehicle. The female was identified as Katina THOMPSON. THOMPSON stated she had been dating WEATHERBE for two months and she was on the phone with him when he got stopped. THOMPSON stated she came to check on WEATHERBE since he was not answering his phone. THOMPSON stated she did not know how or where to locate WEATHERBE.

## PROBABLE CAUSE

13.    Based upon my training and experience I know that persons involved in drug trafficking often carry firearms to protect themselves, their drugs, and their money.

14.    I also know that persons involved in drug trafficking often use cellular phones to help facilitate their illegal drug activity. For instance, they commonly use them to store names and telephone numbers for their customers, suppliers, and associates, and use them to communicate with their customers, suppliers, and associates. I also know that drug traffickers often take, or cause to be taken, photographs of themselves, their associates, their property (including firearms), and their product,

and that these photographs are often maintained in electronic format on cellular telephones.

15.   Also, based on my knowledge, training, and experience, I know that electronic devices can store information for long periods of time. To my knowledge and belief, the red iPhone in black case and red iPhone in clear case described in this affidavit have been stored in a secure location at the Harrisburg State Police Barracks and are in substantially the same state as when they were recovered.

16.   I believe that a search of the electronic files and memory of the cellular telephones, including but not limited to, telephone or address directory entries consisting of names, addresses and telephone numbers; logs of telephone numbers dialed, telephone numbers of missed calls, telephone numbers of incoming calls; schedule entries; stored memoranda; stored voice mail messages; stored photographs; and chats, messages, and e-mails transmitted back and forth will yield evidence of violations of the federal firearms and narcotics laws, including, but not limited to, evidence corroborating WEATHERBE's involvement in drug trafficking.

## CONCLUSION

17.    I respectfully submit that this affidavit supports probable cause to believe that evidence of crimes, including 21 U.S.C. § 841 (possession of a controlled substance with the intent to deliver), 21 U.S.C. § 924(c) (possessing a firearm in furtherance of drug trafficking crime), and 21 U.S.C. § 922(g) (possessing a firearm by prohibited person) will be found in the stored electronic information and communications within WEATHERBE's red iPhone in black case and red iPhone in clear case.

18.    Your affiant, having signed this affidavit under oath as to all assertions and allegations contained herein, states that its contents are true and correct to the best of my knowledge, information, and belief.